UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SHAWN T. PURSLEY                                                                                         Plaintiff

v.                                                   Civil Action No. 3:18-cv-P298-RGJ

LAWRENCE D. ORAZIO, et al.,                                          Defendants

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Shawn T. Pursley, a prisoner, filed this *pro se* 42 U.S.C. § 1983 action against various government officials. This case is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this case will be dismissed.

## I. STATEMENT OF CLAIMS

Plaintiff names as Defendants Lawrence D. Orazio, Drug Enforcement Administration (DEA) Senior Staff Attorney; DEA agents William Waters, Mike Waters, and Michael Cats; Louisville Metro Police Department (LMPD) employees Desiree Richmond, Brian Reccius, and Frank Lucchese; the DEA; and the LMPD. He states that money in the amount of $20,568 was seized due to his arrest on February 8, 2011. According to Plaintiff, the $20,568 was an insurance settlement for an injury accident. He alleges that on March 4, 2011, Defendant Reccius released $20,568 to the DEA. Plaintiff states that he was found not guilty of the charges against him and that the court ordered those charges dismissed. He further alleges that a July 30, 2015, state-court order provided that the $20,586 shall be returned to Plaintiff. He alleges that

the seizure of his property for forfeiture without notice and hearing violated the Due Process Clause.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. When determining whether Plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe pro se pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff alleges that his right to procedural due process under the Fourteenth Amendment was violated. However, "[i]f satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson Cty. Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004) (citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)). "Plaintiff may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress

[his] due process violations." *Id*. at 588. In other words, proving the inadequacy of state remedies is an element of the constitutional tort. *Id*. (citing *Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988) ("Although one need not exhaust state remedies before bringing a Section 1983 action claiming a violation of procedural due process, one must nevertheless prove as an *element* of that claim that state procedural remedies are inadequate." (emphasis in *Jefferson*)). Therefore, in order to state a procedural due process claim under § 1983, "'the plaintiff must attack the state's corrective procedure as well as the substantive wrong.'" *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983)).

Here, Plaintiff does not allege the inadequacy of state procedures. In fact, Plaintiff alleges that the state court correctly found that the money in question lawfully belonged to him and must be returned or held until such time as Plaintiff designates an agent authorized to accept the return of the seized cash.

Thus, Plaintiff's claim amounts to nothing more than an allegation that Defendants "failed to comply with a state judgment. This claim alleges random, unauthorized acts by [D]efendants, not inadequate state remedies." *Boles v. Saginaw Police Dep't*, No. 85-1086, 1986 WL 16844, at *1 (6th Cir. Apr. 23, 1986). Where other state-court procedures are available such as a mandamus action or a petition for a writ of enforcement of the state judgment, Plaintiff has not shown deprivation of due process under state law. *Id*.; *see also Kennedy v. Bonevelle*, 413 F. App'x 836, 840-41 (6th Cir. 2011) (explaining that where a plaintiff has "other state avenues to appeal . . . any of which may lead to return of or compensation" for his loss, he has not "pled a denial of due process in accordance with established state procedures [and] therefore fails to state a procedural due process claim."). Consequently, Plaintiff has not stated a § 1983 claim.

## III. **CONCLUSION**

For the foregoing reasons, the Court will, by separate Order, dismiss the instant action.

Date:

cc: Plaintiff, *pro se*
    Defendants
    Jefferson County Attorney
    U.S. Attorney
A961.009